IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-0904-06






RENE FLORES, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW OF CASE 06-05-00023-CR OF THE


SIXTH COURT OF APPEALS,


HARRIS COUNTY.






 Womack, j., delivered the opinion for a unanimous Court.



 Flores's only complaint on the appeal from his conviction for murder was that the court's
charge to the jury erroneously limited the jury's consideration of his defense of self-defense by
including an instruction on the law of provocation ("The use of force against another [in self-defense] is not justified  if the actor provoked the other's use or attempted use of unlawful
force"). (1) The Court of Appeals agreed that giving the charge was error, but found that it was
harmless. (2) In doing so, it applied the standard for harmless error in Rule of Appellate Procedure
44.2(b): "Any other [than constitutional] error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded."

 As the parties agree, this was the wrong standard.

 Article 36.19 of the Code of Criminal Procedure, which is captioned "Review of [the
court's] charge on appeal," sets standards for reversal; error that was called to the court's
attention will lead to reversal if there was some harm to the appellant, but unobjected-to error
calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial
trial. (3)

 The judgment of the Court of Appeals is vacated, and the case is remanded to that court
for reconsideration under Article 36.19 and for other action consistent with this opinion.


Delivered: May 23, 2007


Publish.
1. Penal Code § 9.31(b)(3).
2. Flores v. State, 194 S.W.3d 34 (Tex. App. -- Texarkana 2006).
3. Almanza v. State, 686 S.W.2d 157 (Tex. Cr. App. 1984).